UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOYCE EVANS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-0245** |
| **NATIONAL FLOOD INSURANCE PROGRAM** | **SECTION: "S" (1)** |

## ORDER AND REASONS

The Rule 12(b)(1) and 12(b)(6) Motions to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #12) by the Department of Homeland Security on behalf of the Federal Emergency Management Agency (FEMA) is **GRANTED**, dismissing plaintiff's suit against the defendant.

## BACKGROUND

Plaintiff was a named insured for a property located at 2548 N. Galvez St., New Orleans, Louisiana, under a group flood insurance policy purchased directly from FEMA, issued pursuant to the National Flood Insurance Act, 42 U.S.C. §§4001-4129.[1] Plaintiff's property incurred flood

---

[1] Plaintiff's original claim was consolidated with the *In RE: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (E.D. La.). On January 7, 2009, plaintiff's claim was severed from the consolidated litigation. The National Flood Insurance Program (NFIP) was not added to the suit until January 23, 2009, when plaintiff filed an amended complaint.

damage as a result from Hurricane Katrina. FEMA paid plaintiff the policy limits of $15,800. Plaintiff contends her policy limits are $26,200, and seeks additional proceeds under the flood insurance policy.

FEMA, which administers the NFIP, moves to dismiss because plaintiff did not file the requisite proof of loss, and because the policy limits of $15,800 have been paid. Further, FEMA argues that plaintiff's suit against it is untimely because FEMA was not added to the suit until January 2009.

## ANALYSIS

### 1. Legal Standard

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. *Id.*

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[2] "Factual allegations must be enough to

---

[2] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (*quoting Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).

2

raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[3]

If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[4] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[5]

## 2. Motion to Dismiss

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and is administered through the FEMA.[6] FEMA sets the terms and conditions of all federal flood insurance policies. The Group Flood Policy "is the Standard Flood Insurance Dwelling Form" issued by FEMA pursuant to NFIP.[7] These policies must be issued in the form of a Standard Flood Insurance Policy ("SFIP")[8] and its provisions cannot "be altered, varied, or waived

---

[3]*Id.* at 1965.

[4]*Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[5]*Celeotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[6]*Wright v. Allstate Ins. Co. (Wright I)*, 415 F.3d 384, 386 (5th Cir.2005).

[7]*See* 44 C.F.R. §61.17(g); and 44 C.F.R. Pt. 61 App. A(1).

[8]44 C.F.R. § 61.4(b); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998).

other than by the express written consent of the [Federal Insurance] Administrator" and must be strictly construed and enforced.[9]

"Payments on SFIP claims come ultimately from the federal treasury."[10] Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced.[11] Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."[12]

The SFIP states that in the event of a loss caused by flood the policy holder must:

> 4. Within 60 days after the loss, send [FEMA] a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn by you.[13]

The submission of a sworn proof loss is a strict requirement.[14] An insured "cannot file a lawsuit seeking further federal benefits under the SFIP unless the [insured] can show prior compliance with all of the policy's requirements, including the [proof of loss] requirement."[15] The

---

[9] 44 C.F.R. § 61.13(d); *Wright I*, 415 F.3d at 387; *Gowland*, 143 F.3d at 953-54. *See also Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998).

[10] *Wright I*, 415 F.3d at 386; *see Gowland*, 143 F.3d at 953. "Under the Appropriations Clause of the Constitution, money may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute. *Wright I*, 415 F.3d at 387 (citation omitted)..

[11] *See also Forman*, 138 F.3d at 545.

[12] *Wright I*, 415 F.3d at 388 (citing *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

[13] 44 C.F.R. 61, App.(1), Art. VII, ¶J(4).

[14] *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008)(citing *Richardson v. American Bankers Ins. Co.*, 279 Fed. Appx. 295, 298 (5th Cir. 2008)).

[15] *Id.* (citing 44 CFR §61, App. (A)(1), Arts. VII(J), VII(R)).

requirements of the proof of loss are contained in Article VII(J).[16] Further, if a policy holder has any further claim under the policy, the policy holder has within one year of the date of the written denial to file suit, pursuant to Article VII(R) [17]

In this case, because of the extent of the damage resulting from Hurricane Katrina, FEMA waived the requirement to file a proof of loss prior to receiving insurance proceeds. The

---

[16] Article VII(J)(3) and (4) provide as follows:

J. Requirements in Case of Loss In case of a flood loss to insured property, you must: ...

> 3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>> a. The date and time of loss;
>> b. A brief explanation of how the loss happened;
>> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>> d. Details of any other insurance that may cover the loss;
>> e. Changes in title or occupancy of the insured property during the term of the policy;
>> f. Specifications of damaged buildings and detailed repair estimates;
>> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>> h. Details about who occupied any insured building at the time of loss and for what purpose; and
>> i. The inventory of damaged property described in J.3. above.

44 C.F.R. Pt. 61, App. A(1).

[17] Article VII(R) states:

> Suit Against Us
>
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

memorandum containing the waiver of the proof of loss requirement cautioned that "[i]n the event a policyholder disagrees with [FEMA's] adjustment, settlement, or payment of the claim, a policyholder may submit to [FEMA] a proof of loss within one year from the date of the loss," or until August 29, 2006.

FEMA provided the court with an affidavit from Scott Holmes, the Claims Manager for the NFIP, who states that plaintiff did not file a proof of loss by August 29, 2006, within one year of the date of loss on August 29, 2005.

Plaintiff argues that she filed timely a "proof of loss" which was received by NFIP on August 28, 2006, within the year deadline. The form to which plaintiff refers is a signed and sworn bare-bones form dated August 23, 2006, wherein plaintiff indicated that the policy limits were $26,000. Plaintiff contends that the government had a detailed proof of loss from an adjustor and which is supported by an unsigned and unsworn handwritten list of plaintiff's destroyed contents.

The document upon which plaintiff relies does not satisfy the strict proof of loss requirements found in Article VII(J)(3) and (4). For example, the form lacks, among other things, an itemization of damages, estimated values and receipts. By failing to comply with the proof of loss requirement and the documentation requirement of Article VII(J) of the SFIP, any recovery by plaintiff is precluded under Article VII(R). Plaintiff's reliance on an estimate done by an adjustor does not satisfy Article VII(J) which requires plaintiff to file her proof of loss.

As the Fifth Circuit noted in a similar case:

> Although the notice of loss provided by the [plaintiffs] gave some of
> the information required by the formal proof of loss statement, it is
> clear that giving notice and providing a sworn proof of loss statement

6

> are separate and distinct requirements of the policy. ... As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured' failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.[18]

Because the court has considered matters outside the pleadings, the motion will be treated as one for summary judgment.[19] Because plaintiff did not file a timely proof of loss as required by Articles VII(J)(3) and (4) of the policy, there exists no question of fact to preclude summary judgment. The motion is granted, dismissing plaintiff's suit against the defendant.

Signed the 25 day of September, 2009.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[18] *Gowland*, 143 F.3d at 954.

[19] The court notes that both defendant and plaintiff submitted documents outside the pleadings, and as a result, both parties have "given a reasonable opportunity to present all the material that is pertinent to the motion" under Rule 12(d). *See generally Isquith v. Middle South Utilities*, 847 F.2d 186, 196-97 (5th Cir. 1988).

7